IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE LUIS HERNANDEZ, a.k.a.,
ALEJANDRO BOLANOS GUZMAN,

    Plaintiff,

v.

MODERN CONSTRUCTION, LLC,

    Defendant.

Civ. No. 6:13-cv-00601-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Jose Luis Hernandez brings this action seeking alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Oregon law, and breach of contract. This Court granted plaintiff's Motion for Entry of Default (#14) on September 27, 2013. Plaintiff now seeks a default judgment (#18) in the amount of $6,065.25. Upon review, plaintiff's motion (#18) is GRANTED.

    Pursuant to FRCP 55(b)(2), this Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court, in exercising its discretion, may consider the factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citations omitted).[1] Plaintiff seeks unpaid wages stemming from an

---

[1] The *Eitel* factors include:

    (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1 – OPINION AND ORDER

unpaid work week in July 2012. Further delay in payment serves only to further prejudice plaintiff. As to the merits of plaintiff's claim, he has provided this Court with a declaration (#20) and prior pay stubs (#20-1) indicating his wage rate ($18.00) and prior employment with defendant.[2] As to the sum of money at stake, plaintiff seeks only $6,065.25. Finally, defendant has failed to appear in this matter.[3] Accordingly, these factors support default judgment in the amount of $6,065.25.[4]

IT IS SO ORDERED.

DATED this 27th day of January, 2014.

Michael J. McShane
United States District Judge

---

782 F.2d at 1471–72.

[2] This Court notes that plaintiff's prior pay stubs (6/4/2012 – 7/13/2012) indicate only 2.5 overtime hours over a five week period. Plaintiff now seeks compensation for 17 overtime hours over a single week long period (7/15/2012–7/19/2012). However, any reservations caused by this discrepancy are not "serious." Rather, the amount of money at stake in relation to defendant's conduct is proportionate and appropriate.

[3] Defendant filed its articles of dissolution on September 25, 2013. *See* OREGON SECRETARY OF STATE, CORPORATION DIVISION, http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=1220987&p_srce=BR_INQ&p_print=FALSE (last visited Jan. 25, 2014).

[4] This Court has reviewed the underlying computations for this figure. *See also* Decl. of Corinna Spencer-Scheurich in Supp. of Mot. Default J. 1–3, ECF No. 21.

2 –OPINION AND ORDER