IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE LUIS HERNANDEZ, a.k.a.,
ALEJANDRO BOLANOS GUZMAN,

    Plaintiff,

v.

MODERN CONSTRUCTION, LLC,

    Defendant.

Civ. No. 6:13-cv-00601-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff filed this motion for attorneys' fees, ECF No. 26, in the amount of $10,450 under 29 U.S.C. § 216(b), ORS § 652.200, and ORS § 653.055(4). This Court previously granted plaintiff's motion for entry of default, ECF No. 14, and plaintiff's motion for default judgment, ECF No. 18. Upon review, plaintiff's motion for attorneys' fees, ECF No. 26, is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

To determine the amount of a reasonable fee, this Court proceeds in two steps. First, this Court applies the lodestar method to determine what constitutes a reasonable attorney's fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, this Court may "then adjust [the lodestar] upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted) (internal quotation marks omitted). This Court addresses the steps in sequence.

1 –OPINION AND ORDER

## I. Lodestar Computation

"Under the lodestar method, [this Court] multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citations omitted) (internal quotation marks omitted). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). To determine the "reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount[,]" this Court looks to the "prevailing market rates in the relevant community." *Gonzalez*, 729 F.3d at 1205 (citations omitted) (internal quotation marks omitted). Plaintiff seeks the following:

| Name | Hourly Rate | Hours Claimed | Total Fees |
| --- | --- | --- | --- |
| Att'y Corinna Spencer-Scheurich | $300 | 23.9 | $7,170 |
| Att'y Michael Dale | $400 | 3.0 | $1,200 |
| Law Clerks | $100 | 20.8 | $2,080 |

Decl. of Corinna Spencer-Scheurich 1–4, ECF No. 27-3. Upon review, this Court is satisfied that plaintiff's sought number of attorney hours, 26.9, is reasonable for the amount of work conducted on the case. Likewise, plaintiff's sought attorney hourly rates are consistent with the Oregon State Bar 2012 Economic Survey[1] in light of each attorneys' "experience, skill, and reputation." *Gonzalez*, 729 F.3d at 1205–206 (citations omitted) (internal quotation marks omitted).

---

[1] Oregon State Bar Association, *Oregon State Bar 2012 Economic Survey* 30 (2012), http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

2 –OPINION AND ORDER

However, as to work performed by second and third year law students (law clerks), plaintiff has provided insufficient evidence to support an hourly rate of $100. *See, e.g., Decl.* of Corinna Spencer-Scheurich 6, ECF No. 27 ("We have arrived at this figure after consulting with colleagues doing Plaintiff-side employment law litigation and believe that it reflects market rates[.]"). Moreover, plaintiff provides little indication of the respective experiences and skills of the law students. Thus, this Court, in reliance on Oregon Employment Department statistics,[2] reduces the hourly rate for law student labor from $100 to $25. *See also Galbraith v. Sloan*, No. 10–CV–171–BR, 2011 WL 1005348, at *4 (D. Or. Mar. 22, 2011) (reducing the rate of paralegal hours from $120 to $50 where plaintiff did not provide any information regarding the reasonable hourly rates); *Thompson v. LVNV Funding, Inc.*, No. 10–CV–1042–BR, 2011 WL 846858, at *4 (D. Or. Mar. 9, 2011).

As to the number of hours performed by the law students, this Court has additional reservations. For example, plaintiff claims 4.6 hours for work conducted on an *in forma pauperis* request. Decl. of Corinna Spencer-Scheurich 3, ECF No. 27-3. This Court doubts that the completion of a two-page document, particularly when both parties are fluent in Spanish, could reasonably take longer than one hour. Accordingly, this Court reduces the reasonable number of law clerk hours to 17.2.

## II. Lodestar Adjustment

"After making that computation, [this Court] then assess[es] whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of [the *Kerr*] factors." *Ballen v.*

---

[2]Oregon Employment Department, *Occupation Report for Paralegals and Legal Assistants: Wages* 2 (2014), http://www.qualityinfo.org/olmisj/OIC?areacode=4101000000&rpttype=full&action=report&occ=232011&go=Continue (last visited Feb. 28, 2014) (indicating that in 2012, paralegal and legal assistant hourly rates in Oregon ranged from $16.14 (10%) to $39.63 (90%)). This Court draws upon the 2013 median, $24.42, to formulate plaintiff's reasonable hourly rate.

3 –OPINION AND ORDER

*City of Portland*, 466 F.3d 736, 746 (9th Cir. 2006).[3] This Court, having reviewed the *Kerr* factors, declines to further adjust the lodestar computation. *See id.* ("[O]nly in in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." (citations omitted)).

## CONCLUSION

For these reasons, plaintiff's motion for attorneys' fees, ECF No. 26, is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded attorneys' fees in the amount of $8,800.

IT IS SO ORDERED.

DATED this 3rd day of March, 2014.

**Michael J. McShane**
**United States District Judge**

---

[3] In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit identified the "appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees." The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skills requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citations omitted) (internal quotation marks omitted).

4 – OPINION AND ORDER